Uh, the matter is submitted. Thank you. Thank you. Go ahead, man. Next, we have the in re Uriostegui case. The appellant has waived argument and agreed to submit on the paperwork. Michael Berger appearing for Apply. Hey, Mr. Berger, you, you, you've got the floor. Thank you, your honors. So. There are four points that were raised by the appellant, and I wanted to address all four of the points. But first, just a little background, and you're probably familiar with it. This appellant, Ms. Uriostegui, is a bad actor. She was already found to be guilty of financial abuse of an elder. She was already found to have acted willfully and fraudulently. Punitive damages were awarded against her, and she's written through multiple appeals. In every case, they found that she acted with fraud. In every case, they found that there was, before she became the trustee of the trust by fraud, she was the holder of a power of attorney. And this power of attorney creates the fiduciary relationship. And so you. Did she, so did she, well, let me back up one step, step forward one step. Did she commit fraud after she became trustee of the trust? Did anybody adjudicate that? Both, both before and after. Sure, she transferred property to herself. She, there was like more than 100-page statement of decision. So there was fraud behind that. But nothing in the statement of decision. Right, nothing in the statement of decision found that she committed fraud on Mr. Forrest Dowling through the use of the power of attorney. It wasn't a fiduciary under the power of attorney and committed fraud in that context before he died. After he died, she became the trustee of the trust and this sole beneficiary of the trust. And until your clients set it aside, she was authorized to do whatever the trust authorized her to do. Now, later they determined she didn't account appropriately, but there's been no finding by the state court that was in the notice of decision, the statement of decision that you relied upon that stated that she violated a fiduciary duty after she became the trustee. So, your honor, you're correct. I mean, there were multiple findings of fraud and financial abuse of an elder. And there were findings that there was the power of attorney, but there wasn't a finding that because of this power of attorney, then you committed more fraud and breach your fiduciary duty more. So they're really two separate things. Let me go back and dispose of the easy points. Well, let me try to direct you to the statute, which is 522Q. And the other statute, which is 523A4, they both utilize the same basic idea that you have to commit some fraud, deceit, manipulation, or defalcation or fraud in a fiduciary capacity. And what you're suggesting is if she's under the 522Q statute, if she's a fiduciary by virtue of the fact that she was, there was a power of attorney that existed, that if she then committed fraud, that automatically results in her loss of the homestead exemption. Whereas under 523A4, we know you have to do it while you're in the fiduciary capacity. Are you saying there's a distinction between those two statutes? I'm not, Your Honor. I mean, I'm looking at Q, and it talks about fraud, deceit, or manipulation at fiduciary capacity. And there's case law back and forth. I think the general Ninth Circuit view is it's not like fraud or something in a fiduciary capacity. It's this fraud in a fiduciary capacity. So I would concede that you have to have that. Even before the power of attorney, though, this was the person that was closest to the elder. If she wasn't in a fiduciary capacity, just because she's a friend, and even if she's a confidant, has a relationship with him, this has to be a technical trust under the bankruptcy code. It can't be just an operational of, if you violate this duty to this person, then suddenly the fiduciary duty arises. There was no technical relationship. True? I don't know what technical relationship means. I mean, there's some kind of a document, a trust document. There is some kind of a professional relationship, an attorney-client relationship. There is some power of attorney. We don't even know what the power of attorney said. It's not part of the record, is it? No, Your Honor. So she acted to become the trustee of this trust, and she became the trustee of the trust by fraud. Through fraud. She got into this fiduciary capacity by fraud. Then her defense is, well, yes, I did these terrible things. Yes, it's financial abuse of an elder. Yes, it's punitive damages, but I did it before I managed to weasel my way into trustee of the trust. Because you're using a statute to preclude her from her homestead exemption. That's what this is all about. It's not about whether she didn't... She's not getting a discharge under 523A2. She's not getting a discharge under 523A6. She's not getting a discharge under 727. That's not an issue. She committed fraud. There's no doubt she's not going to get away from the obligations. Whether she can have a homestead exemption turns on whether the fraud was while she was in a fiduciary capacity. And that's what I don't see the evidence of in this case. So if the court will allow, let me get rid of all our other arguments and I'll come back to that. I think maybe you've already disposed them in your own mind. One of our argument is, oh God, I didn't get a fair evidentiary hearing. And there were three different hearings and there was plenty of time to brief it. So I think that one's sort of out and forget about it. She says that the matter's not moot and we agree. So again, that one's gone. We're really back to the court's point. And this to me is kind of a really good example of a bad actor that this statute was made for. And I think that the thing that your honor is seizing on, which I guess is the point raised by the appellant, is some sort of technicality that she's using to try and get out of this bad conduct. The fraud continued while she's a trustee of the trust. Again, not accounting, not playing with the court orders. All of this continued. She became a trustee by fraud. And I think her defense is, well, okay, but I wasn't a fiduciary then. But certainly once she became a trustee of the trust, we can agree that she was a fiduciary. And at that point, we can look at the conduct. Did she comply with court orders? No. Did she continue to act willfully, maliciously? Which court orders are you talking about now? So there was court orders in the probate court to provide an accounting, to talk about all the money she took. And she never provided the accounting. And to this day, she's never provided the accounting. Every time she's raised an appeal up until now, she's lost on the appeals and has basically done everything she can to kind of hold on to this home that she got by fraud. Now, I guess there's no question that the home is going to be sold. There's a motion pending. But the question is, does she get the full homestead exemption that an honest but unfortunate debtor would get? Do you send it back for some sort of evidentiary hearing, which is what she says she wants? Or do you simply overrule it and decide that she gets the full homestead exemption? If the issue is whether or not she continued to act wrongfully once she became a trustee of the trust, I think there's ample evidence of that. If there's other questions of the court, I'll answer them. But otherwise, I'm not going to further your honors. Well, you said there's ample evidence of it. But what you relied upon in this case, as far as I could tell, was the statement of decision made by the probate court. That's all that you relied upon. That's all that you introduced into evidence was that decision. And that decision does not in any way, shape, or form indicate what conduct she committed after she became the trustee of the trust, after Forrest Dowling died, that constitutes fraud. So we've also cited to the bankruptcy courts in a ruling as well. And in our brief at page 19, the court talks about how they've given her all the rights that she wanted, that there was lots of briefing. And I think earlier, the court does cite to this power of attorney. They say Prescott exused documents that give Diane powers of attorney to make decisions regarding his health care instead of Greg, giving him complete charges affairs, including authority to exclude all of his family members from the residence, the hospital room, the funeral. The bankruptcy court sees the power of attorney as important. And I guess that's the question. If there's an issue about what happened after, during the trust, then that might be something that could be delved into further. The bankruptcy court didn't seem to feel that was necessary. And I'm not dying to give Mr. Estegway the evidentiary hearing that she is crying for, but I believe there is such evidence. I mean, again, I've mentioned a couple of times this failure to account. I think we could dig up more beyond that, that would show that she was not acting in a fiduciary capacity once she became a trustee of the trust, that she continued to act only in her own best interest. Any more questions? No. Okay. Thank you very much, Mr. Estegway. The matter is submitted and you'll be getting our decision. Thank you. Thank you.
judges: Faris, Spraker, and Gan